Hall, Judge.
 

 By the act of 1786
 
 (Rev.
 
 c.
 
 255,J
 
 it is made the duty of the Clerk f the County Court at tin next Court, af'er the lists < f taxable property shall be r turned by the Jxsfircs appointed to take them, to s -r op in the Con;t bouse an alphabetical list of the taxahh-s and taxable .pv ipet -y, and for not performing the duties required by this act a penalty of fifty pounds is imposed, to be recovered by any person who will sue for it. Before tins duty can be performed by the Clerk, it is necessary, that lists of taxation should be returned in due time by I be Justices, it is also necessary, that the Sheriff should make a return of insolvents. But if the Sheriffs fail to make such return, or if the Justices omit making due retir» of the lists of taxables and taxable property, which they were authorized and required to take, it would be impossible for the Clerk to perform, the duty required of him, But if one of the Jnstices,, as
 
 *526
 
 jn t|¡0 present case, omits making due return of the lists, w|,jc], ¡,al5 |icell assigned to him to take,
 
 to
 
 be - sure the Clerk cannot supply surli omission ; but that is no reason why he should not perform his duty in setting up for public inspection, such lists as had been returned by the other Justices.
 

 By tiie act of 1798 ('Rev. c. 506) it is made the duty of the Clerk to add to each person’s taxable property the amount of tax for which iie is
 
 liable;
 
 but for the non-performance of this duty, the act imposes no penalty. The penalty is confined to (he duties imposed by the act of 1786. By the act of 1814
 
 (Rev.
 
 e.872, s. 18) the County Courts are directed, at the first Court which shall happen after the first day of January in every year, to lay a tax for defraying the comity charges, it would be impossible that this tax should be inserted in the lists of taxation, which by the act of 1786, were directed to be setup. Of course there can be no penalty incurred on that account. The same remark may be made as to the act of 1817
 
 (Reo. c.
 
 945). I cannot bring my mind to believe that these acts, or any one of them, is a repeal of the act of 1786.
 

 In fact, this suit is brought for the non-performance of the Clerk’s duties, as imposed by the act of 1786
 
 ;
 
 but not for the non-performance of the duties imposed by any of the subsequent acts brought into view in this case. I think the penalty was incurred, by not putting up such lists as were returned under the act of 1786. But it could not be incurred by not putting up such list as was not returned. For this he was in no fault.
 

 Per Curiam. — Let the judgment of the Court below be reversed^ and a, new trial awarded.